# 1295-15    1296-15   1297-15

Trial Ct Nos: 25928              25958              25886

Court of Appeal: 06-15-00038CR    06-15-00039CR    06-15-00040CR

PDR nos: 1295-15              1296-15              1297-15

ORIGINAL

In The

Texas Court of Criminal Appeals

at Austin Texas

Robert Brice Daugherty, Petitioner

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

Vs.

The State of Texas, Respondent

Pro-se Petition For Discretionary Review

FILED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

From The Court of Appeals

Sixth District of Texas @ Texarkana

Robert Brice Daugherty
TDCJ-ID # 01982423
Wynn Unit
810 FM 2821
Huntsville, Texas

Oral Argument Not Requested        77349

47

# Identity of Parties and Counsel

Judge : Honoroble Bill Harris, presiding
Sixth District Judicial Court
Lama County, Texas

Petitioner: Robert Brice Daugherty

Counsel    Don Biard    State Bar No. 24047755
on Appeal: 38 First Northwest
Paris, Texas    75460
Tel: (903) 785-1606    Fax: (903) 785-7580
Email: dbiard@att.net

At trial :   Dan Meehan    State Bar No.13898700
2nd attorney    202 West Madison
Clarksville, Texas   75426
Tel: (903) 427-4547    Fax: (903) 427-4549
Email: dmeehan@valornet.com

1st attorney: Dianne Sprague    State Bar No. 18961780
subject of appeal  9 West Houston    Paris, Texas  75460
Tel: (903) 249-6271    Fax: (903) 782-9771
Email: dsprague@suddenlinkmail.com

-i-

Prosecutor: Laurie K. Polland   State Bar No. 0078774
Assistant County Attorney
119 North Main St.
Paris, Texas 75460
Tel: (903) 737-2470   Fax: (903) 737-2455
Email: lpallard@co.lamar.tx.us


The State of   Gary Young   State Bar No. 00785298
Texas for    Lamar County Attorney
Appellee :   119 North Main St.
Paris, Texas 75460
Tel: (903) 737-2458   Fax: (903) 737-2455
Email:

Judge, Court   Honorable Josh R. Morriss III
of Appeals:  Chief Justice
Sixth Court of Appeals
at Texarkana Texas

# Table of Contents

page

Identity of Parties and Counsel --------- i-ii

Table of Content --------------------------- iii-iv

Index of Authorities ------------------------- v

Constitutional Provision --------------------- vi

Note on Combined Brief ------------------ vii

Subject Matter of Issues Presented -------- vii

Summary of Argument -------------------- vii

Statement of the Case ------------------ viii

Statement Regarding Oral Argument --------- 1

Petition For Discretionary Review ---------- 1

Procedual History ----------------------- 2-3

Fact ---------------------------------- 3-8

Argument and Authorities

   Issue no. 1    Daugherty was denied his
constitutional right to effective assistance
of counsel at trial when his appointed
trial counsel failed to communicated a
plea offer. --------------------------- 6

Standard of Review -------------------- 6-7

Analysis ----------------------------- 7-8

Argument _____ 8-16

Argument on Argent test _____ 16-24

Conclusion _____ 24-25

Prayer _____ 25-26

Declaration of Inobility _____ 26

Sworn Declaration _____ 26

Certificate of Service _____ 27

# Index of Authorities

page

Ex parte Argent 393 SW 3rd 781 784 (Tex. Crim. App 2013) ___ 16,17,24

Ex parte Cruz 739 SW 2nd 53 58 (Tex. Crim App 1987) _____ 6

Murray v Carrier 477 US 478 (1986) _____ 7

Johnson v Duckworth 739 F 2d 898 (7th Cir) _____ 10

Ex parte Duffy 607 SW 2d 517 (Tex. Crim App. 1999) _____ 6

Missouri v Frye 132 S.ct 1399 (2012) _____ 8

Ex parte Lemke 13 SW 3d 791 (Tex. Crim. App. 2000) _____ 8

Boag v Mac Dougall 454 US 364 _____ 26

Ex parte Manchaca 854 2nd 128 (Tex. Crim. App. 1993) _____ 6

Teague vs Scott 60 F 3rd (5th Cir 1995) _____ 10

Hanzelka v State 682 SW 2d (Tex. App. Austin 1984) _____ 10

Hernandez v State 726 SW 2d 55, 57 (Tex. Crim. App 1986) _____ 6

Hernandez v State 988 SW 2d 770 (Tex. Crim. App. 1999) ___ 6

Martin v. State 28 SW 3rd 815 818 _____ 10

Ramirez v State 987 SW 2nd 935 945 _____ 7

Turner v State 2-99-410-CR _____ 10

Ex parte Wilson 724 SW 2nd 72 (1987) _____ 8

Strickland v Washington 466 U.S. 668 (1984) _____ 6,7

## Constitutional Provision

Sixth Amendment, United States Constitution

Fourteenth Amendment, United States Constitution

Article I 10 Texas Constitution

Article I 19 Texas Constitution

## Note on Combined Brief

The convictions below were filed in three separate cases number. Accordingly, the appeal from each conviction has been assigned a separate case number in this Court. All cases are being argued together as the issues, argument and authority presented are identical for each case.

## Subject Matter of Issues Presented

I. Daugherty was denied effective assistance of counsel at trial because his trial counsel failed to communicate a plea to him.

## Summary of Argument

The State made a plea offer to Daugherty's counsel. The State offer was Daugherty would plead guilty to offenses with finding of drug free zone and habitual offender. In exchange Daugherty would receive a sentence of 40 years to run concurrently. Daugherty's counsel never communicated this offer to him. However, he would have accepted this offer had he been aware of it. The States offer was left open for a specified time. Further, the records show a reasonable probability the trial court would have accepted the offer. Accordingly, Daugherty was denied effective assistance of counsel.

## Statment of the Case

Nature of    Plea of Guilty to two charge of Possession with
the Case :   Intent to Deliver a Controlled Substance and
             one Delivery of a Controlled Substance


Trial Court: Honoroble Bill Harris (by assignment)
             Sixth District Court, Lamar County, Texas


Trial Court    The trial Court sentenced Daugherty
Disposition:   to life in prison


Appeal to 6th   Filed Appeal on Ineffective Assistanc
District  :     of Counsel


Appellate    Honoroble Josh R. Morris III
Court   :    Chief Justice, Sixth Court of Appeals.


Appellate     Affirm the trial courts
Disposition : judgement and sentence

## Statement Regarding Oral Argument

The Petitioner, Robert Brice Daugherty will waive oral argument.

In The

Texas Court of Criminal Appeals

at Austin, Texas

---

P.D. nos 1295-15    1296-15    1297-15


Robert Brice Daugherty, Petitioner

vs.

The State of Texas, Respondent

---

Petition For Discretionary Review
From The Court of Appeals
Sixth District of Texas @ Texarkana

Appeals nos. 06-15-00038CR   06-1500039CR   06-15-00040CR


Petitioners Brief

---

To The Honorable Court.

Comes Now, Robert Daugherty, Pro-se, Petitioner, files this his Petition For Discretionary Review and shows the following in support:

Unless otherwise indicated, Robert Daugherty will be referred to as "Daugherty." The State of Texas will be referred to as "the State" or "Prosecutor."

-1-

# Precedual History

On August 14, 2014, Daugherty was indicted for felony offenses possession with intent to deliver methamphetamine of more than four grams in a drug free zone and possession of diazepen in an amount less than 28 grams in a drug free zone. and as a habitual offender.[1]

On September 11, 2014, Daugherty was indicted for felony possession with intent to deliver methamphetamine of more four grams in a drug free zone and possession of hydrocodine in the amount less than 28 grams. and as a habitual offender [2]

In a separate indictment on September 11, 2014. Daugherty was indicted for the felondy offense of delivery of methamphitomine in a drug free zone and as a habitual offender.[3]

On Febrary 11, 2015, the case proceeded to trial. The State elected to drop the possession charges and Daugherty plea guilty to the remaining charges of delivery of methamphetamine and two charges of possession with intent to deliver methamphetamine. The State dropped the drug free zone allegation with reguard to two remaining charges.[4]

---

[1] CR 25886 pg 7

[2] CR 25928 pg 8

[3] CR 25928 pg 8

[4] RR pg 7-12

-2-

Daugherty also plea true to the habitual offender allegation to all charges. Daugherty elected to have the Court asses punishment. The trial Court sentenced Daugherty to life imprisonment of each charge with sentences to run concurrently[5]

On May 15, 2015, Daugherty filled appeal with the Sixth Appellate District of Texas at Texarkana, based solely on Ineffective Assistance of Counsel.[6]

On September 3, 2015 Sixth Appellate District of Texas affirmed the trial Courts judgement and sentence[7]

## Facts

### The Plea Offer

Daugherty was initally indicted from two offenses that occurred on June 3, 2014.[8] On August 8, 2014, the State offered a plea bargain of 50 years imprisonment if Daugherty would plead guilty to those offenses and two additional unindicted offenses with drug free zone and habitual offender finding.[9] Daugherty's trial counsel communicated this 50 year offer to Daugherty and he counter with an offer of 15 years which the State rejected

---

[5] RR pg 95

[6] Appeants Brief pgs 1-16

[7] Memorandum Opinion

[8] CR 25886 pg 7-8

[9] RRDef Ex3 pg 7

-3-

The same day the State countered with an offer of 40 years. ⑩ This offer was to expired on August 29, 2014 - the date set for Daugherty's examining trial on the offenses which occurred on June 3, 2014. ⑪

On November 7, 2014, the trial court held a hearing to determine whether Daugherty's appointed counsel should be allowed to withdraw due to conflict of interest. ⑫ and appointed new trial counsel. ⑬ At that hearing the parties discussed the plea offer the State had made Daugherty's trial counsel. The State reiterated that it had initally offered an offer of 50 years and had reduced that to 40 years. Daugherty testified, under oath, that he had never learned of that 40 year offer until after it expired on 8/29/2014. ⑭

trial

Daugherty eventually made an open plea of guilty to three of the offenses and elected to have the trial court asses punishment.

At the punishment hearing, Daugherty's new trial counsel again raised the issue of whether or not his attorney

---

⑩ RR Def. Ex 3 pg 7      ⑫ RR Def. Ex 3      ⑭ RR Def. Ex 3 pg 7

⑪ CR 25928 pg 96      ⑬ CR 25928 pg 16-17

-4-

had communicated the States 40 year plea offer.

Through stipulated testimony Daugherty testified that he had not been told of States 40 year offer until after it expired. Additional, he testified that had he been informed of that offer within the time frame set by the State he would have accepted that offer. (15)

After hearing all of the evidence, the trial court followed the States recommendation and sentenced him to life imprisonment on all the charges to run concurrently. (16)

On May 15, 2015. Daugherty filed appeal with the Sixth Appellate District of Texas at Texarkana based on ineffective assistance of counsel. (17)

On September 3, 2015, the Sixth Appellate District of Texas affirmed the trial Courts judgement and sentence (18)

On September 20, 2015, Daugherty filed for extension of time and to suspend Rule 9.3(b) reguarding his Discretionary Review with the Court of Criminal Appeals.

On October 1, 2015, the Court of Criminal Appeals granted extension of time and suspended rule 9.3(b).

---

(15) RR pg 90

(16) RR pg 95

(17) Appellants Brief pg 1-16

(18) Memorandum Opinion

-5-

## Argument and Authorities

Issue no. 1  Restated: Daugherty was denied his constitutional right to effective assistance of counsel at trial because his appointed trial counsel failed to communicated a plea offer which Daugherty would have accepted had he been so informed.

## Standard of Review

Effective assistance of counsel is essential to a fair trial. An accused's right to effective assistance of counsel is derived from four sources: Sixth Amendment and the "due process clause" of the Fourteenth Amendment of the United States Constitution, the "right to be heard" provision of Article I 10 of the Texas Constitution and "due course of law" provision of Article I 19 of the Texas Constitution [19]

The effectiveness of counsel's assistance is gauged by the totality of his representation. [20]  To establish

---

[19] Strickland v. Washington 466 U.S. 668 (1984); Hernandez v State 726 SW. 2nd 55, 57 (Tex. Crim. App 1986); Ex Parte Duffy 607 SW 2d 517 (Tex. Crim. App. 1999); Hernandez v State 988 SW 2nd 770 (Tex. Crim App. 19

[20] Ex Parte Menchaca 854 2nd 128 (Tex. Crim. App 1993) EX Parta Cruz 739 SW 2nd 53 58 (Tex. Crim. App 1987)

-6-

in effectiveness counsel's representation must be shown to have fallen below an objective standard of reasonableness. Further, it must be shown that there is a reasonable probability that but for counsels' error or omission, the result would have been different. A reasonable probability is one which undermines confidence in the outcome.[21] A reviewing court indulges in the presumption that counsel conduct fell within the wide range of "reasonable professional assistance.[22] "The right to effective assistance of counsel.... may in particular case be violated even by an isolated error of counsel if that error is sufficiently egregious and prejudicial."[23] An Appellant must overcome the presumption that counsels conduct "might be considered sound strategy."[24] However, there are some omission which defy explanation as, and cannot be justified on the basis of reasonable trial strategy[25].

## Analysis

A defendant has a well-established right to effective assistance of counsel during the plea

---

[21] Strickland 466 US at 687

[22] Strickland at 698

[23] Murray vs Carrier 477 US 478 (986)

[24] Id

[25] Ramirez v State 987 sw. 2d 938 945

bargaining process.[26] It had long been the rule that a defendant was denied effective assistance of counsel and prejudiced simply " by the missed opportunity of accepting" a plea bargain and presenting it to the trial court for consideration.[27]

## Argument

On August 11, 2014 Daugherty's first attorney and the subject of this appeal, Dianne Sprague, made a attorney visit with Daugherty at Lamar County Jail, where he was incorcerated, to present the States starting offer of 50 years. At that visit Daugherty made a counter offer of 15 years. see: attachment I. The State then made a 40 year counter offer to Daugherty's 15 year counter. That 40 year offer would expire on August 29, 2014. Ms. Sprague made no contact with Daugherty between August 11, 2014, the date the States prosecutor made the 40 year offer and August 29, 2014, the date it was to expire, to communicate that offer. (No attorney visit, no court appearance, no legal mail and she did not accept any collect phone calls from Daugherty.)

Daugherty shows the Court of Criminal Appeals Due Diligence in his effort to obtain records from Lamar County Jail, where

---

[26] Missouri v Frye 132 S.ct 1399 (2012) Ex parte Wilson 724 SW2d 72 1987
[27] Ex parte Lemke 13 S.W 3d 791 (Tex. Crim. App. 2000)

he was incarcer between August 11, 2014 and 29, 2014, that would support his assertion that his attorney did not have any contact with him during the nineteen (19) days the 40 year offer was available.

On September 21, 2015 Daugherty requested, by U.S mail, for Lamor County Jail, Sheriff Scott Case (1) records of attorney visit between Ms. Sprague and Daugherty (2) records of any court appearances for Daugherty with which Ms. Sprague represented him and would have had contact (3) records of legal mail from Ms. Sprague to Daugherty and (4) records of any collect phone calls from Daugherty to Ms. Sprague that were accepted. All from August 11 to August 29, 2014. see: attachment IV. Daugherty then submitted to the Sixth District Court, Lamon Co., Texas, a Motion Requesting the Subpeona of records from Lamar Co. Jail. of the needed records. see: attachment V The Sixth District Court stated it "no longer has jurisdiction over your case." see: attachment. VI, sending the Motion to the Court of Appeals. As of  November 23, 2015  Daugherty has received no response from the Court of Appeals.

note: it is within the Sixth District Courts power to order the requested records, but it chose not to, depriving Daugherty of the much needed records. Thus, stone-walling his attempt to prove Ms Sprague had no contact with Daugherty between August 11, 2014 and August 29, 2014, to communicate the offer

Daugherty ask the Court of Criminal Appeals to see his due diligence in his attempt to obtain the needed records and accept what the records would show and Daugherty assertes as fact, that during the nineteen (19) days between August 11 and 29 of 2014, the 40 year offered by the State was available, his attorney, Ms. Sprague made no contact with Daugherty to communicate that offer.

Failure to communicate a plea bargain offer falls below standards of reasonable performance.[28] In addition, Ms. Sprague failed to communicate a deadline or date the 40 year offer was to expire.[29] Defense counsel failure to promply inform a client of imminent expiration of ple offer effectively deprives a client of a "last chance" opportunity to avoid a potential sentence of much greater length then the term of the offer and is an omission that falls below an objective standard of reasonableness.

Appellee's Brief[30] attempts to use Ms. Spragues statement at the hearing to withdrew as counsel to "prove" Ms. Sprague communicated the 40 year offer and statement made by Prosecutor attachment, to corroborate Ms Sprague statement.

[28] Teague v. Scott 60 F 3rd (5th Cir 1995); Martin v State 28 SW 3rd 815 818 (Tex App Corpus Christi 2000 granted); Johnson v Duckworth 739 F2d 898 (7th Cir

[29] Hanzelka v State 682 SW 2d (Tex.App. Austin 1984) Turner v State 2-99-410-CR

[30] Appellee Brief pg 12-13

Ms. Sprague's statement "- - - put my two cents worth on that, on the offer and counter that was made by Mr. Daugherty. This was made before he was indicted that offer on any of the cases, three cases. The counter offer was 15 years that was approved by Mr. Daugherty. Thats what happened to the 40 year offer. (31)

Also see: Appellee's Brief "Instead of accepting that 40 year offer, the "statement of counsel proves or at least inferred, that Daugherty rejected that 40 year offer and approved a counteroffer for 15 years" and " the evidence established that the offer had been communicated to him and that he rejected that offer by approving a counteroffer for 15 years. (32) There is nothing in evidence to support Ms. Sprague's statement that Daugherty's 15 year offer was a counteroffer to the 40 year offer. On the contrary, all evidence support Daugherty's assertion that his 15 year offer was a counteroffer to the States starting offer of 50 years.

Attachment I and II both Email generated by the States Prosecutor in this case support Daugherty's assertion.

_____

(31) RR Def. Ex #3 pg 8 line 13-19
(32) Appellee's Brief pg 13

Attachment I : Email from Prosecutor Pollard to Daugherty's attorney Dianne Sprague date: Friday August 8, 2014.

" The starting offer is 50 years - - - I'll consider a counteroffer."

Daugherty made a counteroffer of 15 years to the States starting offer of 50 years. Ms. Sprague hand wrote the counteroffer, dated it (8-11-14) and Daugherty signed it.

note: there is no mention of a 40 year offer.

Attachment II Email and Robert Brice Daugherty (timeline of offers) from the States Prosecutor Pollard to second attorney Dan Meehan.

08/08/14  Prosecutor offer of 50 years

08/11/14  Daughertys counter offer of 15 years

08/11/14  Prosecutor declining Daughertys 15 years counteroffer to Prosecutors starting offer of 50 year, made 40 year offer.

08/29/14  40 year offer expired

Both attachment I and II contradicts Ms. Sprague statement "thats what happened to the 40 year offer

Daugherty interprets and ask the Court of Criminal Appeals to see Ms. Spragues statement as a subterfuse to conceal the fact that she did not communicate the 40 year offer. to Daugherty.

-12-

Daugherty ask the Court of Criminal appeals review the issue of the sequence to which the plea were made with great concern. Appellee puts a great deal of importance on Ms Spragues inaccurate statement and its interpretation, see: Appellees Brief,[33] to attempt to show proof that the 40 year offer from the State was communicated to Daugherty, stating Daugherty rejected the 40 year offer with the 15 year counter offer. In fact, bases its opinion on that statement and its interpretation to deny Daughertas appeal. Appellee's Brief " Accordingly, Daughertys sole issue/point of error should be overruled"[34]

Appellee uses statement made by the States Prosecutor to corroborate Ms. Spragues claim she communicate the 40 year offer. see: Attachment II Email from Prosecutor to second attorney Dan Meehan " Daugherty said last week at the Motion to Withdraw hearing that he never known I'd offered 40. I'm not sure I believe that because Dianne (Sprague) told me a month ago that her client wanted to know if the 40 year offer was still on the table:

Appellee is grasping to imply that statement corroborates Ms. Sprague claim.

---

(33) Appellee's Brief pg 13
(34) Appellee's Brief pg 14

"I'm not sure I believe that" is not a confirmation and cannot be construed as anything more than a belief.

note: Prosecutor states Daugherty had asked a month ago about that offer, in the Email dated November 13, 2014. Putting his inquiry after the 40 year offer expired, August 29, 2014. also Daugherty stated at the hearing on Motion to withdraw, he became aware of the 40 year offer "after the fact" or after it expired.[35]

Appellee's Brief[36] raised the issue of silent records in the present case. Daugherty did not give Ms. Sprague the opportunity to explain her action. Appellee then uses Ms. Sprague inaccurate attempt at explaining her action,[37] in the Appellees Brief,[38] to infer Ms. Sprague had communicated the 40 year offer. Ms. Sprague stating her action at the hearing to withdrew as counsel[39] satisfies her right as Appellee states.

Appellee raises the issue that the presumption of sound trial strategy was not overcome by Daugherty[40] In order for Ms Sprague to claim her failure to communicate the 40 year to Daugherty as sound trial strategy she must

---

[35] RR Def. Ex #3 pg 7 line 22-23

[36] Appellee's Brief pg 8

[37] RR Def. Ex #3 pg 8 line 11-19

[38] Appellee's Brief pg 12 DI

[39] RR Def. Ex. #3 pg 8 line 13-19

[40] Appellee's Brief pg 9

-14-

admit that, in fact did not communicate that offer: Ms. Sprague claimed or inferred that the 40 year offer was communicated to Daugherty.[41] Therefore Daugherty does not have to overcome the presumption that Ms. Sprague not communicating to Daugherty the 40 year offer was sound trial strategy, rendering Appellee's issue moot.

Standard of Review on Ineffective Assistence of Counsel

The standard for testing claim of ineffective assistance of counsel is set in Strickland vs Washington[42] to prevail on such claim an Appellant must prove by a preponderance of evidence (1) that his counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense.

(1) In instant case: failure to communicate the States 40 year plea bargain offer falls below an objective standard of reasonableness.

(2) In instant case: failure to communicate offer of 40 years resulted in the State raising the offer to 60 years, then to 65 years. Daugherty received a life sentence, showing that counsel deficent performance prejudiced the defense.

---

(41) RR Def. Ex#3 pg 8 line 13-19

(42) Strickland v Washington 466 u.S 668 104 S.Ct 2025 80 2nd (1984)

-15-

In this Petition for Discretionary Review Daugherty has satisified both prongs of Strickland v Washington.

In 2013 the Texas Court of Criminal Appeals established a new set of standards for determining whether a defendant was prejudiced during the plea bargain process. These standard were announced in Missouri v. Frye.[43] and used in Ex parte Argent.[44]

Now, when a defendant is not informed of a plea bargain offer he must show reasonable probability that: (1) he would have accepted the offer (2) the prosecutor would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain.

The standard the Court of Criminal Appeals established is <u>reasonable probability</u> on each of the Argent three prongs. The Court of Appeals Memorandum Opinion state: "The first requirement is establishing prejudice under Argent standard is for the defendant to show <u>substantial</u> probability that the defendant would have accepted the plea offer" not <u>reasonable</u> probability as the Court of Criminal Appeals established. see: attachment II pg6 2nd paragraph

---

[43] Missouri v Frye u.s. 32 S.ct 1399 1405 182 L.Ed 2nd 379 (2012)

[44] Ex:part Argent 393. sw 3d 781 784 (T.C.A. 2013)

-16-

Black Law Dictionary and Webster Dictionary defines:

reasonable - fair, moderate, not excessive

substantial - considerable in amount, being firm, stout or strong

probability - the degree to which something is likely to occur

This is not a misinterpretation, misunderstanding of the standard or a mistake by the Court of Appeals. Reasonable Probability and substantial probability can certainly not be interchanged. The Court of Appeal chose to replace reasonable probability with substantial probability thus changing the standard that must be met. The standards announced in Missouri v Frye [45] used in Ex.part Argent [46] and adopted by the Court of Criminal Appeals.

Further: Attachment III pg 6 "Here there is nothing in record, other than Daugherty's own self-serving assertion made after the fact, suggesting that he actually would have accepted the 40 years." Here we see the Court of Appeal interchange "actully would have accepted" with Argents, "reasonable probability that he would have accepted" the plea bargain. Again the Court of Appeals has set a higher standard then stated in Argent and adopted by

(45) Missouri v Frye

(46) Ex.part Argent

-17-

the Court of Criminal Appeals.

Further: Attachment III pg 8 " While the Argent standard is high particularly as to the third element, The Texas Court of Criminal Appeals, nontheless cleary set this as the final hurdle in Argent." There is nothing in Argent to suggest a separation in the standards or set the third prong any higher then prong one or two. All standards in Argent one, two and three are set at reasonable probability

The Court of Appeals changed the standards set forth by Texas Criminal Court of Appeal from reasonoble to substantial probability then in its opinion on the third prong of Argent raised the standard even higher. "While the Argent standard is high particularly as to the third element." Then using that higher standard to over rule Daugherty's point of error. On this issue alone stands merit for the Texas Court of Criminal Appeal for granting Daughertys Petition for Discresionary Review.

### Argument on Argent test

(1) reasonable probability Daugherty would have accepted the offer.

A) Daugherty, under oath, testified through stipulated testimony at the Open plea and Punishment.[48] Mr. Meehan " Daugherty's

[48] RR pg 89 line 6-13

testimony would be that he was never aware of the 40 year offer, had never received a 40 year offer from counsel and that he would have accepted that plea offer.

(B) Attachment III Appeal Court Memorandum Opinion pg 7 stating Daugherty made counter offer of 15 and 35 years undermines any probability that he actually would have accepted the 40 years. Daugherty contends that niether the 15 or 35 year were counter to the 40 year offer by the State and neither were made during the timeline set by the State, from 8/11/14 and expired 8/29/14. The fact Daugherty made counter offer show his willingness to consider a plea bargain and did not want the risk of exposing himself to a much more lengthy sentence had he gone to trial and been found guilty.

(C) Attachment II Email from the States Prosecator Pollard to Daughertys second attorney, Dan Meehan; "Dianne (Sprague) told me a month ago that her client wanted to know if the 40 year offer was still on the table"

Daugherty contend that there is no other reason for him to ask about the 40 year offer other then his intent to accept that offer.

(D) At the hearing on Motion to Withdraw as counsel the States Prosecutor acknowledged that a 40 year offer

had been made.[49] At that point in the hearing Daugherty brought to the Courts attention that he had not become aware of the 40 year offer until after the fact or after it expired [50]

If Daugherty had no interest in the 40 years offer he would not have made it clear to the Court that he had not been aware of that offer.

The totality of evidence presented by Daugherty show that had he been aware of the 40 year offer there is a reasonable probability he would have accepted that offer. This satisfies the first prong of Argent.

(2) reasonable probability the Prosecutor would not have withdrawn the offer.

On August 11, 2014 the States Prosecutor Pollard made the 40 year counteroffer to Daugherty's 15 year offer. Prosecutor set the 40 year offer to expire on August 29, 2014. On August 29, 2014 the 40 year offer expired. In fact, the records show that when the offer expired August 29, 2014, the Prosecutor emailed Daugherty's trial counsel to inform her that the offer had expired.[51] Also see: attachment 11

[49] RR Def. Ex 3 pg 7 line 3-11

[50] RR Def. Ex#3 pg 7 line 14-25

[51] CR 25928 pg 96

-20-

Email from the Prosecutor with Robert Brice Daugherty (timeline of offer) " 8/29/2014 40 year offer expired"

Blacks Law Dictionary and Webster Dictionary defines:
expire: [1] period of time during which someome holds a position [2] to come to a end [3] to be no longer effective; [4] to become null at a time fixed beforehand

withdraw: [1] to draw back [2] to remove, retract or recall

Daugherty need not show that there is reasonable probability the States prosecutor would not have withdrawn the offer. Daugherty has presented evidence that the offer was not withdrawn but rather a date was fixed beforehand by the Prosecutor for the 40 year offer to expire and on that date it expired, becoming null or not avalid.

This satisfies the second prong of Argents test.

The third prong of Argent test is there is a reasonable probability the Court would not have rejected the offer.

The tria court Judge in this case was a Prosecutor in Lamar County prior to being appointed Judge. It is reasonable to assume he is aware of Argents three prong test. During the hearing on the Motion to Withdraw as counsel, the 40 year plea was raised by the Prosecutor at which time

Daugherty made the Court aware of the missed 40 year offer. The Court stated "They___ in fact, they don't have to make you a plea offer if they don't want to." (52)

Daugherty contends that if the trial Court was so inclined to reject the offer it would have voiced that opinion and in doing so would have completely eliminated any grounds for appeal on the Argents third prong. During that discussion the trial Court pointed out "Make sure that you bring this issue up with your new attorney. O.Koy? and to the Prosecutor "and then, Ms. Pollard, you might want to discuss the issue with the new attorney" (53) The trial Court made no indication it would have rejected the 40 year offer.

Further: On Febrary 11, 2015, at the punishment hearing there was a lengthy discussion of the 40 year offer on record. Again the trial Court made no indictation that if brought before him as a prosecutors recommendation he would have rejected that recommendation. The 40 year offer was initiated by the States prosecutor. It is not the practice of the States prosecutor to make recommendation

(52) RR Def. Ex# 3 pg 7-8
(53) RR Def. Ex#3

that they are not confident the Court will accept. The offer was within the permissible range of punishment. The States 40 year offer included Daugherty pleading to an enhanced sentence for habitual offender with a punishment range starting at 25 years. His criminal history was taken into consideration when the State made the 40 year offer. It cannot be said that the Court would have rejected the States recommendation based on his criminal history. The trial Court was aware of the offer before and during trial. The trial Court had two opportunities had he been so inclined to voice his opinion that he would have rejected the States 40 year recommendation and resolving this issue for the purpose of appeal. He made no indication that it would have rejected the 40 year offer.

It can be assumed in most jurisdiction Judges and the prosecutor are familar with boundaries of acceptable plea bargain and sentences. In most instances it should not be difficult to make an objective assessment as to whether or not a particular fact or intervening circumstance would soffice in the normal course to cause Judicial nonapproval of a plea bargain recommendation. (54)

(c) The Texas Criminal courts rely on the plea bargain to resolve the majority of criminal cases. Very rarely do we

---

(54) Frye 132 Sct 1410

-23-

see a criminal case go to trial. Even more rarely do we see the Court reject the States prosecutors plea bargain recommendation. If a defendant did not have at least a reasonible probability that the trial Court would not reject the Prosecutor recommendation the plea bargain system used so frequently in criminal case in Texas would not be an affective tool. The rarity of which the Courts do reject the Prosecutor plea recommendation is proof that every plea bargain recommendation by the State has a reasonable probability or better that the trial Court would not reject that Prosecutor plea recommendation. Accordingly, the records establishes a reasonable probability that the trial court would have accepted the 40 year plea bargain had it been communicated to and accepted by Daugherty.

The above argument by Daugherty satisfies the third prong of Argent test.

## Conclusion

The Argent decision does not require Daugherty to establish with absolute certainly or even substantial probability that its three pronged test has been met. It only requires Daugherty to show there is a reasonable probability that those factors be present. [55] Here the records establishes a reasonable

[55] Argent @ 784

-24-

probability that: (1) Daugherty would have accepted the States 40 year offer had the trial counsel communicated it to him; (2) the States Prosecutor would not have withdrawn that offer had Daugherty accepted it within the specified time frame. In fact, the Prosecutor did not withdraw that offer within the specified time frame and (3) the trial Court would have refused to accept a 40 year plea bargain recommendation. Therefore, Daugherty was denied his constitutionual right to effective assistance at trial.

The proper remedy is to reverse the trial Court judgement and remand the cause with orders to withdraw Daughertys plea. Require the State to reinstate the 40 year plea offer as it existed prior to the Sixth Amendment violation and allow Daugherty to replead to the indictment. Ex part Lemke

## Prayer

Wherefore, Premises, considered, the Petitioner, Robert Brice Daugherty prays that upon final submission of above-styled and numbered causes without oral argument, this Court GRANT this Petition for Discretionary Review, this Court Reverse the trial Courts judgement of conviction in cause number 25928, 25958 and 25886. Remand the

causes with orders to withdraw Daugherty's plea. Order the State to reinstate Daugherty's 40 year plea and allow him to replead.

## Declaration of Inability

Daugherty is filing this Petition Pro-se asking the Court to take into consideration he is not an attorney and his Petition be held to less stringent standards than those prepared by an Attorney. [56]

## Sworn Declaration

I, Robert Brice Daugherty, filing Pro-se do swear on <u>November 29</u> of 2014 that the above <u>Petition for Discretionary Review</u> is true and correct under penalty of perjury.

Respectfully submitted,

Robert Brice Daugherty
TDCJ-ID # 01982423
Wynn Unit
810 FM 2821
Huntsville, Texas
77349

[56] Boag v MacDougall 454 U.S 364, 700

-26-

## Certificate of Service

This is to certify that in accordance with Tex. R. App. D95, a true copy of the Petition for Discretionary Review has been served on the 29th day of November 2015, upon the following by U.S. mail.

Gary Young
Lamar County Attorney
Lamar County Courthouse
119 North Main
Paris, Texas 75460

Attachment I

**Date:** Friday, August 8, 2014 3:37 PM

**From:** Laurie Pollard <lpollard@co.lamar.tx.us>

**To:** dsprague@suddenlinkmail.com

**Subject:** Robert Brice Daugherty

Dianne: Mr. Daugherty has two cases: one from June 3, and one from July 15. The first one, he was arrested during a traffic stop and had 5.89 g of meth in his underwear in a drug free zone. The second one, the cops executed a search warrant on his hotel room, also in a drug free zone, and found him sitting at a table, with gloves on, weighing meth on a set of digital scales. He had 35 grams of meth in the room (we're still waiting on the drug lab for that one). After each arrest, he consented to a custodial interview and confessed to being a drug dealer for the past 1½ years. He's a habitual offender (3 federal convictions). The starting offer is 50 years, with the drug free zone finding, and if he drops the motion for an examining trial and works to resolve this case quickly, I'll consider a counteroffer. Thanks,


Laurie K. Pollard

Asst County Attorney

Lamar County & District Attorney's Office

119 N. Main Str

Paris, Texas 75460

(903) 737-2413


<p class=""avgcert"" align="left" color="#000000">No virus found in this message.
Checked by AVG - www.avg.com
Version: 2012.0.2247 / Virus Database: 3955/7496 - Release Date: 08/07/14

©1997-2011 Openwave Systems Inc. All rights reserved.

(8-11-14)

Counter:

15 without DFZ

Robert Daugherty

Drop traffic case, Drop Bond to $10,000.

Robert

# Dan Meehan

| | |
|---|---|
| **From:** | Laurie Pollard <lpollard@co.lamar.tx.us> |
| **Sent:** | Thursday, November 13, 2014 11:39 AM |
| **To:** | dmeehan@valornet.com |
| **Subject:** | Robert Brice Daugherty |
| **Attachments:** | Offer timeline.docx; _Certification_.htm; _Certification_.htm |

Dan: You've been appointed by Judge Bill Harris to represent this guy. You're taking over for Dianne Sprague; and although you probably don't know anything about the case, I wanted to send you an e-mail on the matter because he's set for court next week. Mr. Daugherty has been to federal prison in the past for delivery/manufacturing meth. He'd been on the cops' radar for several months, starting around March, 2014 (several different people had given the cops information about Daugherty). So on 6/3/14, when the cops saw Daugherty, they stopped and arrested him on a traffic violation. Once Mr. Daugherty got to the jail and was being booked in, he started saying that he needed a doctor. The cops called an ambulance, and Daugherty was loaded up; but before the ambulance left, the cops searched Daugherty's clothing (at the arrest he just got a weapons pat down). They found 7 grams of meth in a plastic baggy in his underwear. The doctors didn't find anything wrong with Daugherty, so the hospital sent him back to the jail. Daugherty didn't spend long in jail; he bonded out pretty soon. Then on 7/15/14, the cops were staking out one of the local hotels and saw a guy they know to be a meth user; they watched the guy go into a hotel room, then come out, followed by Daugherty. The meth user and Daugherty took separate cars out of the hotel parking lot; the cops followed both cars to a local car wash, where the cops actually saw the user buy from Daugherty. After the transaction, the cops approached the buyer and saw the meth he'd bought in plain view in his vehicle. The buyer said that he had been buying meth from Daugherty, so the cops got a search warrant for Daugherty's hotel room. When the cops went to execute the search (also on 7/15/14), they found Daugherty sitting at a table in the hotel room, with 20 grams of meth in front of him. He was weighing the meth (he had on gloves, and he was putting the smaller quantities into little plastic baggies with initials marked on them). We indicted the first case, while we still we were waiting on the 7/15/14 lab results to come back. I made an offer to plead to the indicted case and to an information on one of the unindicted cases; but Mr. Daugherty turned that down (according to Dianne, he was difficult to work with). Eventually we indicted the other two cases, so now there are 3 pending. My plan is to try the 6/3/14 offense on 2/9/14, in front of Judge Harris (the cases were assigned to him at a time when we weren't sure how much Judge Clifford was going to be working, after his accident). Then I'm going to consolidate the two 7/15/14 offenses for a trial in the early summer.

I wanted you to know a little about the issues that we've had come up so far, the ones that Dianne said caused her to have to withdraw. First, I originally offered 50 years on this guy, but I also offered to go down to 40 if he would plead before we got to the grand jury date for the second and third cases. Mr. Daugherty said last week (at the Motion to Withdraw hearing) that he never knew I'd offered 40. I'm not sure I believe that because Dianne told me a month ago that her client wanted to know if the 40 year offer was still on the table; and I told her no. Anyway, I'm sending you a copy of a time line that I drew up for Dianne, which contains the offers and expiration dates. I kept copies of all the e-mails to Dianne if you want to see them.

Second, this guy keeps insisting that he wants the car videos from the traffic stop on 6/3/14. I've told Dianne, and I assume that she told him, that there aren't any: the detectives cars aren't outfitted with video cameras. Neither do the detectives wear body mikes. I do think that there's a patrol car video from an officer who arrived after the stop to transport Daugherty, and that will be turned over to you. But there's no video/audio of the stop itself.

Third, the reports from the 6/3/14 offense specify the names of 4 different people who'd given information about Daugherty selling drugs. Daugherty kept telling Dianne that he wants the discovery from those interviews, but there isn't any: the cops talked to the four people named about their cases, not about Daugherty specifically. Daugherty's name came up when the cops asked each of those 4 about drug suppliers in Paris. And all those talks took place before Daugherty was arrested the first time on 6/3/14. The cops put the information in the reports for the 6/3/14, only to

explain how Daugherty came to be on the cops' radar. I don't have any idea whether those informal talks/interviews with the 4 people were recorded. I told Dianne that I'm not calling any of the four people to testify in Daugherty's trial. And no one interviewed any of those 4 after Daugherty's arrest on 6/3/14.

Fourth, Dianne filed a Motion to Suppress in the 6/3/14, case, which Motion is currently set for Nov. 20, 2014. I need to know if you want to pursue that motion and whether you still want to have the hearing on Nov. 20. I need to know whether to have the cops here.

Thanks & let me know whether you have any questions,

Laurie K. Pollard
Asst County Attorney
Lamar County & District Attorney's Office
119 N. Main Str
Paris, Texas 75460
(903) 737-2413

Laurie K. Pollard
Asst County Attorney
Lamar County & District Attorney's Office
119 N. Main Str
Paris, Texas 75460
(903) 737-2413

2

## ROBERT BRICE DAUGHERTY (Timeline of offers)

08/08/14: Pre-indictment offer by e-mail to D. Sprague for 50 years, to plead on two cases w/drug free zone findings (offenses on 6/3/14 and 7/15/14), sentences to run concurrently.

08/11/14: Rec'd counteroffer from D.Sprague for 15 years, w/o DFZ findings.

08/11/14: E-mail to D.Sprague declining counteroffer and extending offer of 40 on two cases w/DFZ running concurrently. Plea required by date of examining trial—the e-mail to Dianne says 9/29/14, but that date was a typo: examining trial actually was set for 8/29/14.

08/14/14: Indictment on 6/3/14 case in cause #25886. 40-year offer still open (examining trial canceled).

08/29/14: 40-year offer expired. E-mail sent to D.Sprague that would go back to the original 50-year offer for a plea to the indictment in #25886 and a plea to an information for the 7/15/14 offense, with DFZ findings, sentences running concurrently. Additionally, offered not to indict a third case, also from 7/15/14. Offer was good until the next grand jury date of 9/11/14.

9/11/14: Mr. Daugherty did not plead to the 50-year offer; we indicted both offenses from 7/15/14, in causes #25928 and #25958.

9/24/14: Send e-mail to D.Sprague with offer of 65 years on all three cases w/DFZ findings on all three, sentences running concurrently. The offer was left open until the plea bargain date for #25886, set on 10/20/14. The e-mail specified that if Mr. Daugherty didn't take the 65 years, there would be no further offers.

-3-



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-15-00038-CR

---

ROBERT BRICE DAUGHERTY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 25928

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Even if Robert Brice Daugherty were to factually establish his claim that his trial counsel actually failed to tell him of a forty-year plea offer from the State, Daugherty must clear three other hurdles to win his appeals of his three convictions,[1] given that the sole basis of each is that his trial counsel was ineffective in allegedly failing to tell him of that offer in each case. As those hurdles have been established by the Texas Court of Criminal Appeals, for Daugherty to show prejudice from ineffective assistance of his trial counsel, Daugherty

> must show a reasonable probability that: (1) he would have accepted the . . . offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain.

*Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). Because Daugherty has not, on this record, made any of the three showings, we affirm the judgment of the trial court.

According to the record, Daugherty was appointed an attorney in July 2014. He was indicted in the three cases in August and September 2014. On August 8, 2014, the State emailed Daugherty's attorney, describing two of the alleged offenses. The State made an initial offer of a recommendation of fifty years' confinement on those two cases, which would include a finding

---

[1]The indictment in this case alleged two prior felony convictions; with the drug-free zone allegation and the two alleged enhancing prior convictions, Daugherty faced a sentence of not less than thirty years and not more than ninety-nine years or life. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014); TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010), § 481.134(c) (West Supp. 2014). The trial court's judgment adjudges Daugherty guilty of, and sentences him to life imprisonment for, possession, in a drug-free zone, of four or more grams but less than 200 grams of methamphetamine, with the intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d), § 481.134 (West Supp. 2014).

The two other convictions were for (A) delivery of four or more but less than 200 grams of methamphetamine (trial court cause number 25958, addressed on even date herewith in our opinion in cause number 06-15-00039-CR), and (B) possession with intent to deliver four or more but less than 200 grams of methamphetamine (trial court cause number 25886, addressed on even date herewith in our opinion in cause number 06-15-00040-CR). Both of the other cases involve two enhancements. All sentences are set to run concurrently.

2

that the offenses occurred in drug-free zones. The prosecution added to the offer, "[A]nd if [Daugherty] drops the motion for an examining trial and works to resolve this case [sic] quickly, I'll consider a counteroffer." Beneath the prosecutor's message was hand-written the following:

(8-11-14)
Counter:
15 without DFZ

Then, there appears what seems to be Daugherty's signature, and below that,

Drop traffic Case, Drop Bond to $10,000

Finally, there is another signature which appears to be Daugherty's.

On August 29, the prosecutor emailed to tell Daugherty's attorney of a third case, not yet indicted. This second email said that, if Daugherty would plead guilty to two of the cases, the State would continue to recommend the earlier fifty-year sentence and not file the third case; Daugherty would have to plead guilty to the three drug cases, plead true to the enhancement allegations, and accept a drug-free-zone finding on each case. This offer was good only until September 10, 2014; after that, there would "be no offer for" Daugherty.

Daugherty's counsel moved to withdraw on November 7, having discovered a possible conflict of interest. At that hearing, the State summarized plea offers it had made, including the fifty-year offer mentioned above and an offer of forty years. The prosecutor told the trial court both offers had been declined; she would make new plea offers to Daugherty's new attorney, "but the original offers that were made [we]re not going to be re-offered." When told by the trial court that the State did not even have to make a plea offer, Daugherty said,

> I understand that, and -- and I know that at some point there was some mention of
> . . . 40 years and -- in a correspondence between [my attorney] and -- and attorney

3

-- I mean, district attorney, but I never did hear of any plea for 40 years . . . other than in writing . . . at that one time well after the fact.

A week later, after a new attorney had been appointed, the prosecutor emailed Daughterty's new lawyer, summarizing the facts around the offenses and the earlier plea negotiations. This email said there had been an offer of fifty years, then forty:

> First, I originally offered 50 years on this guy, but I also offered to go down to 40 if he would plead before we got to the grand jury date for the second and third cases. Mr. Daugherty said last week (at the Motion to Withdraw hearing) that he never knew I'd offered 40. I'm not sure I believe that because [Daugherty's first attorney] told me a month ago that her client wanted to know if the 40[-]year offer was still on the table; and I told her no.

The record contains no further evidence of any plea negotiations until trial.

On February 11, 2015, the cases were called for trial, and Daugherty entered his open plea of guilty to the trial court on the three indictments.[2] A statement of the terms summarized above—the abandoned counts and dropped drug-free-zone finding on two cases, as well as the agreement that all sentences would run concurrently—was executed that day. Daugherty's second attorney then summarized the history of the plea negotiations, including Daugherty's positions that he never heard of the forty-year offer until the November hearing where his first counsel withdrew and that, had he been informed of that offer, he would have accepted it. Daugherty's second counsel said the only plea offer he received in his representation was for sixty-five years and that he and Daugherty countered with a request for a recommendation of thirty-five years, which the State

---

[2]The cases were set for trial that day, and a jury was selected. Daugherty submitted the issue of punishment to the trial court.

4

rejected.[3] The morning of trial, according to counsel, Daugherty made a final counter offer for forty years, which apparently was rejected. However, the State disputed the existence of this last counter offer. According to the State, Daugherty made only two counter offers, the request for a fifteen-year recommendation with no drug-free-zone findings, made in August 2014, and the request for a thirty-five-year recommendation without drug-free-zone findings, which the State claims was made the day before trial. The State pointed out that, at the hearing in early November, where a forty-year offer was alleged and Daugherty's first attorney withdrew, Daugherty gave no indication he would accept a recommendation of forty years. We also observe in the record from that early November hearing that Daugherty did not inquire whether that forty-year offer was still extended.

In his single point of error, Daugherty claims that the State, at one point, made a plea offer of forty years' imprisonment for the three cases and that Daugherty was never informed of this offer. Failure to apprise one's client of a plea offer made by the State "falls below an objective standard of professional reasonableness." *Piland v. State*, 453 S.W.3d 473, 475 (Tex. App.— Texarkana 2014, pet. filed) (citing *Ex parte Lemke*, 13 S.W.3d 791, 795 (Tex. Crim. App. 2000), *overruled on other grounds by Ex parte Argent*, 393 S.W.3d 781); *see Ex parte Wilson*, 724 S.W.2d 72, 74 (Tex. Crim. App. 1987). Daugherty cites this alleged failure of counsel as evidence Daugherty was denied effective assistance of counsel.

---

[3]According to Daugherty's attorney, the State rejected this offer: "The State's response was, no, 65 years or an open plea . . ."

5

To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the defendant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Claims of ineffective assistance of counsel must be firmly rooted in the record, with the record itself affirmatively demonstrating the alleged ineffectiveness. *Lopez v. State*, 343 S.W.3d 137, 142–43 (Tex. Crim. App. 2011). Failure to satisfy either prong of the *Strickland* test is fatal. *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006). Thus, we need not examine both *Strickland* prongs if one cannot be met. *Strickland*, 466 U.S. at 697.[4] We will focus on the prejudice requirement as defined by the *Argent* opinion. *See Argent*, 393 S.W.3d at 784. Because Daugherty has not established prejudice, our review is concluded, and we will overrule his point of error.

The first requirement in establishing prejudice under the *Argent* standard is for the defendant to show a substantial probability that the defendant would have accepted the plea offer. *Id.* Here there is nothing in the record, other than Daugherty's own self-serving assertion made after the fact, suggesting that he actually would have accepted the offer of forty years. Daugherty did not testify at the plea hearing, but the parties agreed to allow his attorney to make what was

---

[4]We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and that it was motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002). Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing an evaluation of the merits of ineffective assistance claims. *Thompson*, 9 S.W.3d at 813. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect" the reasoning of trial counsel. *Id.* at 813–14. Only in the rare case "in which trial counsel's ineffectiveness is apparent from the record" may the appellate court "address and dispose of the claim on direct appeal." *Lopez*, 343 S.W.3d at 143.

referred to as stipulated testimony, that, if Daugherty had testified, he would have said he was never informed of the forty-year offer and that he would have accepted that offer.[5] The fact that Daugherty countered the State's offers with requests for fifteen-year and thirty-five-year sentences, when the State had offered to recommend fifty-year, forty-year, and sixty-five-year sentences, undermines any probability that Daugherty actually would have accepted the forty-year recommendation while that offer was still pending.[6]

Which brings us to the second *Argent* consideration—a reasonable probability the State would not have withdrawn the offer. *Argent*, 393 S.W.3d at 784. In the prosecutor's emails to Daugherty's first attorney, in August 2014, she offered to recommend a fifty-year sentence in exchange for certain concessions by Daugherty, and that offer was good only until September 10. In her November 13 email to Daugherty's second attorney, the prosecutor said that, although she had earlier made an offer of forty years, when Daugherty's first attorney had inquired a month earlier if the forty-year offer was still on the table, she had responded that it was not still open. Based on this statement, the earlier emails saying the fifty-year offer was good until September 10, and the fact that the only offer extended to Daugherty via his second attorney was for sixty-five

---

[5]The State answered defense counsel's summary: "[W]e're not stipulating that Mr. Daugherty was never told about the 40-year offer. We are only stipulating that if he were to testify, that's what he would say."

[6]Further, the record contains the email to Daugherty's second attorney where the prosecutor said the first attorney told the prosecutor Daugherty wanted to know, sometime in October, if the forty-year offer was still extant. This contrasts with Daugherty's assertion at the November 7 hearing, as well as the representation by Daugherty's second attorney, that Daugherty had never been told of the forty-year offer. "Both the performance and prejudice prongs of the *Strickland* ineffectiveness inquiry are mixed questions of law and fact, but the prejudice prong often contains 'subsidiary questions of historical fact, some of which may turn upon the credibility and demeanor of witnesses.'" *Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012) (quoting *Kober v. State*, 988 S.W.2d 230, 233 (Tex. Crim. App. 1999)). "Appellate courts must show almost total deference to a trial court's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor." *Id.*

7

years, the record shows a reasonable probability the State was inclined to or did withdraw its offer of forty years.[7]

Finally, an appellant striving to meet the *Argent* requirements must show a reasonable probability that the trial court would not have rejected the plea agreement. *Id.* There is nothing in the record showing the trial court's "practice, mental state, or reaction" to the disputed forty-year offer and no indication that this offer, or even the fifty-year offer, was ever presented to the court. *See Piland*, 453 S.W.3d at 476. While the *Argent* standard is high, particularly as to this third element, the Texas Court of Criminal Appeals nonetheless clearly set this as the final hurdle in *Argent*. Here, the trial court was presented with evidence on three pending indictments, all alleging possession or sale of methamphetamine; there was evidence that the three cases involved Daugherty's possession of 5.89, 6.9, and 20.79 grams of methamphetamine, respectively. The State presented evidence of several criminal convictions dating back to 1975. One of these was a federal conviction for conspiracy to manufacture, distribute, or possess with intent to manufacture, distribute, or dispense methamphetamine or marihuana, for which Daugherty was sentenced to 115 months' incarceration. Daugherty was still on supervised release from that sentence when arrested on the three charges at issue here. Daugherty received a sentence of eight years for a felony charge

---

[7]Daugherty interprets the record to show that the State left the forty-year offer open until August 29, 2014, that on that date the prosecutor advised by email that the offer had expired, and that the State thereafter offered the original fifty-year recommendation. As a citation, Daugherty points to the email sent to the second attorney, in which the prosecutor noted her advice that the forty-year offer was no longer available. It seems clear to us this suggests only that the State was inclined to withdraw the forty-year offer. Additionally, we take note of a statement at the withdrawal hearing by Daugherty's first attorney; after Daugherty claimed not to have been informed of the forty-year offer, his counsel stated that the forty-year offer was made before Daugherty was indicted and that Daugherty had authorized only a fifteen-year counteroffer at that time.

of possession of marihuana with a prior conviction. All of this, plus the trial court's imposition of a life sentence, suggests that the trial court would probably not have approved a forty-year offer, had it been presented.

Considering the totality of the record, Daugherty has failed to demonstrate to a reasonable probability that he was prejudiced under the *Argent* standard, even assuming arguendo that his first attorney indeed failed to tell him of the forty-year offer. We overrule Daugherty's point of error.

We affirm the trial court's judgment and sentence.

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 5, 2015
Date Decided:       September 3, 2015

Do Not Publish

Attachment IV

Dear Sheriff Scott Case

I am in the process of filing my Petition for Discretionary Review, Pro se, (without counsel) of the Appeals Court decision of cases in Lamar County to which I am the defendant. I am in need of information and records Lamar Co. jail can provide.

listed are records I am seeking

1) records of attorney visit between myself, Robert Brice Daugherty so#1238 and my attorney of records Dianne Sprague from 8/05/14 to 8/29/14.

2) records of any felody or misdemeanor court appearances myself Robert Brice Daugherty so# 1238 attended from 8/08/14 to 8/29/14.

3) records of legal mail to myself, Robert Brice Daugherty s.o. # 1238 from my attorney Dianne Sprague. These would includ copies of mail sign-in sheets from 8/05/14 to 8/29/14 that show I signed and receive legal mail.

4) records of any collect phone calls from dorm 3 or 4 to Dianne Sprague to her bussiness phone number 903 249-6271 that were accepted from 8/05/14 to 8/29/14. All records requested are available through Freedom of Information Act.

If you wish to comply with above request for records and find that there was no attorney visit, no court appearance of which I attended, I received no legal mail and no phone contact between myself and Dianne Sprague between 8/08/14 and 8/29/14 please state your findings in writing and notorize them and send to me. If you feel you can not or will not provide me with the requested information and records without the need to subpeona those records please advise me in writing of your denial so I can proceed with filing the subpeona. As I am on a time-line I am requesting that you reply within (10) ten working days from receiving my request. A no-reply of my request within the (10) ten days from date received will be taken as a denial of request and the need to file a subpeona for those records. I have included a stamped addressed envelope to be used to supply your response

Your response in this matter is greatly appreciated

thank you
Robert Brice Daugherty 0198243
Wynn Unit
810 FM 2821
Huntsville, Tex 77349

State of Texas

vs

Robert Dougherty

Defendant

In the District Court

6th Judicial District

Lamar County, Texas

## Motion Requesting Subpeona of Records

Now Comes, Robert Dougherty, Defendant, and files this his Motion Requesting Subpeona of Records. Dougherty is furthure requesting the Court the service of this Granted Subpeona for reeadex to Sheriff Scott Coss or any prespansible party to this Motion of Lamar County Jail. Records are for the purpose of filing Dougherty's Petition for Discretionary Review (filing Pro Se) and shows the following in support:

## Statement in Support

Dougherty's Petition for Discretionary Review has one point of error. That the Prosecutor made a plea offer to Dougherty's attorney of record Dianne Sprague that was good from 8/11/14 to 8/29/14. Sprague failed to convey the offer thus her representation fell below objective standard set in Strickland v. Washington 466 U.S. 668, 104 S Ct 2052, 80 LED 2674 (1984) for Ineffective Assistance of Counsel. Sheriff Scott Coss of Lamar County

10/26/15 D. Biard

PS 1 of 4

Jail holdes records that show Dianne Sprague and Dougherty had no contact from 8/11/14 to 8/29/14 (no attorney visit, no court appearance, no legal mail or phone calls with which to convey the Prosecutors offer. Dougherty has made a written request to Sheriff Scott Coss of Lamar County Jail requesting records to avoid the need to Subpeona those records. Dougherty sent the request letter on 9/21/15 and because the Petition has a time bar he ask for records within (10) ten business days from date of recieving the request of records (response due by 10/5/15) stating failure to supply Doughertys request for records by that date (10/5/15) would be construed by Dougherty as a denial of his request for records. That date has post with no response making it necessary to Subpeona needed records.

## Records Requesting Scipeona

1. Record of attorney visit between Defendant Robert Dougherty, Lamar County Jail book-in # 1235 and Doughertys attorney of records Dianne Sprague from 8/05/14 to 8/29/14.

2. Record of any felony or misdemeanor court appearance Dougherty attended from 8/05/14 to 8/29/14 (list to include appearance for Civil cause no. 83546 and 83546 to which Dianne Sprague did not represent Dougherty.)

3 Record of legal mail to Daugherty from Attorney of record Dianne Sprague from 8/05/14 to 8/29/14. These would include copies of mail sign-in sheets.

4 Record of any collect phone calls from dorm 3 or 4 to Dianne Sprague to her business phone 903 2496271 that were accepted from 8/05/14 to 8/29/14.

5 If Lamar County Jail records show no attorney visit, no court appearances, no legal mail and no accepted phone calls between Daugherty and Sprague from 8/05/14 to 8/29/14 Daugherty ask that acknowledgement in writing be made and that acknowledgement be notarized

## Conclusion

The requested records are Daugherty's only evidence he can present in his Petition for Discretionary Review that will prove Dianne Sprague did not convey the prosecutors offer to and support his assertion of Ineffective Assistance of Counsel. To deny Daugherty's Motion to Subpoena records would be a great injustice.

## Prayer

Wherefore, Premises Considered Daugherty prays that this Court Grant his <u>Motion Requesting Subpoena of Records</u> and furthure request Service of Motion or Sherriff Scott Cass or responsible party of Lamar

Co Jail of 125 Brown Ave. Paris Texas 75460 ordering them to comply and supply Daugherty with requested records at his place of incarceration listed below.

Sworn Declaration

I, Robert Daugherty, Defendant filing Pro Se and indigent in cause no. 25886, 25923 and 25958 do swear on _____October 12_____ of 2015 that this Motion Requesting Subpoena of Records are true and correct under penalty of perjury

Respectfully submitted
Robert Daugherty
Robert Daugherty
TDCJ-ID# 1982423
Wynn Unit
810 F.M. 2821
Huntsville, Tx 77349

*119 N. Main*
*Lamar County Courthouse*



*Room 405*
*Paris, TX 75460*
*(903) 737-2427*

## Shawntel Golden
### District Clerk

October 26, 2015

Robert Daugherty #01982423
Wynn Unit
810 FM 2821
Huntsville, TX 77349

RE: Cause Nos. 25886, 25928 & 25958

Dear Mr. Daugherty:

Our office has received your motion requesting subpoena of records – I am enclosing your file-marked copy of that motion with this letter. Unfortunately, because your cases are on appeal, the 6th Judicial District Court no longer has jurisdiction over your cases. I am sending a copy of your motion to your appeal attorney, and Mrs. Golden will send it to the Court of Appeals.

Sincerely,

Suzanne Roberts
Chief Deputy

Enclosure

cc: Hon. Don Biard